UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CASE NO.   06-472 M |
| ) | |
| v. ) | |
| ) | |
| ) | DETENTION ORDER |
| ANTHONY SAYASACK, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Offenses charged:

    Conspiracy to Distribute Marijuana, in violation of Title 21, U.S.C., Section 841(a)(1), 841(b)(1)(B) and (846).

    Conspiracy to Distribute MDMA, in violation of Title 21, U.S.C., Sections 841(a)(1) and 841(b)(1)(c).

Date of Detention Hearing: September 12, 2006

    The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Lisca Borichewski. The defendant was represented by Michael Martin.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed the drug offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release for several reasons: Using the factors below, under Title 18 § 3142 (g), the Court considered the following:

    (a) The alleged offense involves 100 kilograms or more of a controlled substance mixture containing marijuana.

    (b) Defendant has no stable employment, thus his income appears to be derived from otherwise illegal means.

    (c) Although defendant has ties in the community, it alone is not enough to overcome presumption in this case.

(3) Based upon the foregoing information, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 13th day of September, 2006.

_____
MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -3-